## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 22 2020, 9:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Patrick A. Schuster
Patrick A. Schuster & Associates PC
Crown Point, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Harjinder Singh, Navdeep Gill, Sandhu Petroleum Corp. No. 3, SMHR Holdings, LLC, | July 22, 2020 |
| *Appellants-Plaintiff/Counter-Defendant/Third-Party Defendants,* | Court of Appeals Case No. 20A-PL-540 |
| v. | Appeal from the Lake Superior Court |
| SBJ Petroleum No. 1, LLC, SBJ Petroleum No. 3, LLC, Michael A. Jarard, Corinth Bishop, | The Honorable Bruce D. Parent, Judge |
| *Appellees-Defendants/Counter-Plaintiffs/Third-Party Plaintiffs* | Trial Court Cause No. 45D11-1210-PL-79 |

**Vaidik, Judge.**

# Case Summary

Harjinder Singh, Navdeep Gill, Sandhu Petroleum Corp. No. 3, and SMHR Holdings, LLC ("Appellants") appeal from a judgment in favor of Michael A. Jarard and Corinth Bishop ("Appellees").[1] Appellants argue that the trial court erred by denying their Motion to Enforce Settlement Agreement and Motion to Recover Funds Turned Over After the Parties' Settlement. We reverse and remand for further proceedings.

# Facts and Procedural History

The lawsuit underlying this appeal was filed in October 2012. The trial court held a bench trial in February 2016 and entered final judgment on December 15, 2016. Among other things, the court ordered Appellants to pay $169,084 to Bishop and $5,000 to Jarard. It also ordered Singh to pay Bishop $21,000 "for the conversion of Bishop's firearms." Appellants' App. Vol. II p. 43.

Appellants appealed. *See* Case No. 45A03-1703-PL-511. They filed their brief in June 2017. With extensions of time, Appellees' brief was due on September 14, 2017. On that day, the parties filed a joint Notice of Settlement in the trial court

---

[1] SBJ Petroleum No. 1, LLC, and SBJ Petroleum No. 3, LLC, were parties in the trial court and are identified as appellees on appeal. However, they were not awarded anything or ordered to do anything in the trial court's judgment.

and then submitted a copy to this Court. The notice, which was signed by all the parties, provided:

> [The parties] hereby notify the Court that the above case has been settled pursuant to a settlement agreement between the parties.
>
> > 1. The parties acknowledge that attempts have been made to settle through counsel to no avail.
> >
> > 2. The parties have agreed to withdraw their appeals and release each other mutually pursuant to that Agreement.

*Id.* at 45.[2] A week later, based on the notice, this Court issued an order dismissing Appellants' appeal with prejudice.

[4] But that did not conclude the litigation. Back in the trial court, in February 2018, Appellants filed a Motion to Enforce Settlement Agreement and a Motion to Recover Funds Turned Over After the Parties' Settlement. They alleged that Bishop had continued to attempt to collect on the original judgment notwithstanding the September 2017 settlement agreement and that he had received at least $4,298.59. They asked the court to (1) enforce the settlement agreement and (2) order Bishop to return all funds he received after the settlement. The trial court held a hearing on the motions and then, in November 2018, issued an order denying the motion to recover funds and

---

[2] The use of the plural "appeals" was an error. The only appeal filed after the original judgment was that filed by Appellants.

giving the parties thirty days to "complete the terms of the settlement agreement." *Id.* at 58. Specifically, the court explained:

> 1. On September 14, 2017, a Notice of Settlement was filed with the Court which indicated that the parties had entered into a settlement agreement. The terms of the settlement agreement were not included in that notice.

> 2. The parties shall have time to and including December 14, 2018, within which to complete the terms of the settlement agreement. Failure to do so will result in the original judgment herein being reinstated.

*Id.*

[5] The parties made no further settlement filings in the trial court. Instead, on December 12, 2018, Sandhu Petroleum Corp. No. 3 (one of the four Appellants here and in the first appeal) filed a notice of appeal. *See* Case No. 18A-PL-2964. The notice indicated that the appeal was from a final judgment rather than an interlocutory order. Sandhu Petroleum Corp. No. 3 filed its brief on March 1, 2019, arguing that the parties "reached an oral settlement agreement" in September 2017, that the terms of the agreement were "reduced to writing" in the Notice of Settlement, and that the trial court erred by concluding that "[t]he terms of the settlement agreement were not included in that notice" and ordering the parties to "complete" the terms of the agreement. *Corrected Appellant's Brief*, No. 18A-PL-2964 (Mar. 1, 2019). Appellees did not file a brief or otherwise appear in the appeal. In a memorandum decision issued on June 25, 2019, this Court dismissed the appeal for lack of subject-matter jurisdiction,

concluding that the trial court's November 2018 order was not a final judgment and noting that Sandhu Petroleum Corp. No. 3 had not received permission to pursue an interlocutory appeal. *Sandhu Petroleum Corp. No. 3 v. SBJ Petroleum No. 1, LLC*, No. 18A-PL-2964 (June 25, 2019).

[6] The parties returned to the trial court. Based on this Court's conclusion that the November 2018 order did not constitute a final judgment, Appellants asked the trial court to certify the order for interlocutory appeal. In December 2019, the trial court issued its Order on Motion to Certify. The court did not certify the November 2018 order for interlocutory appeal. Instead, it concluded that the December 15, 2016 judgment "became this Court's order" when "the parties failed to enter a settlement agreement by the appointed date of December 14, 2018," as directed in the November 2018 order. *Order on Motion to Certify*, No. 45D11-1210-PL-79 (Dec. 23, 2019). As such, the court reaffirmed the original orders for Appellants to pay $169,084 to Bishop and $5,000 to Jarard and for Singh to pay Bishop $21,000 for the conversion of Bishop's firearms.

[7] Appellants now appeal once again.

# Discussion and Decision

[8] Appellants renew their argument that the September 2017 Notice of Settlement was "the final settlement agreement between the parties," Appellants' Br. p. 12, and that the trial court erred by concluding that "[t]he terms of the settlement agreement were not included in that notice." They contend that the trial court

should have granted their Motion to Enforce Settlement Agreement and ordered Appellees to cease all efforts to collect on the original December 2016 judgment. They also argue that the court should have granted their Motion to Recover Funds Turned Over After the Parties' Settlement.

[9] Appellees have again chosen not to file a brief. When an appellee makes that choice, we will not undertake the burden of developing an argument on their behalf. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Rather, we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. *Id.* In this context, "prima facie error" means error "at first sight, on first appearance, or on the face of it." *Id.*

[10] Under that relaxed standard, we conclude that reversal is appropriate. The Notice of Settlement, signed by all the parties, provided:

> [The parties] hereby notify the Court that the above case has been settled pursuant to a settlement agreement between the parties.
>
> > 1. The parties acknowledge that attempts have been made to settle through counsel to no avail.
> >
> > 2. The parties have agreed to withdraw their appeals and release each other mutually pursuant to that Agreement.

Appellants' App. Vol. II p. 45. To be sure, this is barebones language. However, it contains three terms that indicate a full and final settlement: (1) "the above case has been has been settled pursuant to a settlement agreement between the parties"; (2) "[t]he parties have agreed to withdraw their appeals"; and (3) the

parties "release each other mutually pursuant to that Agreement." Based on the notice, we dismissed Appellants' original appeal—the only appeal pending at the time—with prejudice.

[11] During the hearing on Appellants' motion to enforce and motion to recover funds, counsel for Appellees argued that the Notice of Settlement indicated only that "the parties were willing to leave the appeals" and that the release language—"release each other mutually pursuant to that Agreement"—was limited to Appellants' appeal. Tr. p. 7. But Appellants' agreement to "withdraw" their appeal was just one part of the notice. The notice, which was a trial-court filing that was only later submitted to this Court, indicated that the parties had agreed to settle "the above case," i.e., the trial-court case. And the release provision included no language limiting it to Appellants' appeal.

[12] In short, the Notice of Settlement provided that the parties had reached a complete settlement of their dispute and that they had agreed to "release each other mutually" from all claims and obligations. Therefore, we reverse the trial court's order reaffirming the original judgment and remand this matter with instructions to vacate that judgment and grant Appellants' Motion to Enforce Settlement Agreement and Motion to Recover Funds Turned Over After the Parties' Settlement.

[13] Reversed and remanded.

May, J., and Robb, J., concur.